HENRY TROUP v. STATE.

No. A-7886.   Opinion Filed May 9, 1931.
Rehearing Denied May 29, 1931.
(299 Pac. 245.)

Hardin Ballard and Rice & Mitchell, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of McClain county of the unlawful sale of intoxicating liquor, and his punishment fixed by the jury at a fine of $100, and imprisonment in the county jail for a period of 60 days.

The evidence of the state was that F. M. Foster, an undercover man working under the direction of the sheriff of McClain county, went to the home of defendant on the 13th day of June, 1929, and bought a quart of whisky, paying $3 for same.   This witness was corroborated by Mrs. Ethel Foster, his wife, who was present when the transaction was had.

Defendant denies having sold the whisky or that he had ever seen the witness, Foster, and introduced several witnesses who testified that they were at his home on the day Foster said he bought the whisky, and that they did not see Foster at defendant's premises. Defendant contends that the evidence of the state is insufficient to support the verdict of the jury; that, since it appears from the evidence that the witness Foster was an undercover man, his evidence was unworthy of belief, and that therefore the jury should have found the defendant not guilty.

The court permitted the defendant wide latitude in the cross-examination of this witness and his wife. The facts in connection with the witness' employment, the amount of his pay, and his activities were fully brought out, and were before the jury at the time they rendered their verdict.

This court has held in numerous cases that the weight of the evidence and the credibility of the witnesses are for the jury, and that a conviction on appeal will not be reviewed on arguments directed to the credibility of the witnesses or the weight to be given to their testimony. The jury had a right to believe Foster and his wife, and had a right to disbelieve the witnesses for the defendant.

The evidence of the state being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, J., concurs.